PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

$\approx$ 0 7 - 5 4 0 -

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Harry L. Samuel | | Docket or Case No.: |
| Place of Confinement: Delaware Correctional Center | | Prisoner No.: |
| Petitioner (include the name under which you were convicted) Harry L. Samuel | Respondent (authorized person having custody of petitioner) v. State of Delaware | |
| The Attorney General of the State of | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: ~~The Supreme Court P.O. Box 476, Dover, DE. 19903~~ Supreme Court 500 N. King Street Wilmington, DE.
   (b) Criminal docket or case number (if you know): 93005924 DI

2. (a) Date of the judgment of conviction (if you know): ~~June 15~~ 10-24-95
   (b) Date of sentencing: 1-6-1995

3. Length of sentence: 20 yr.s, 20 yr.s, 15 yr.s, 15 yr.s, 20 yr.s, 8 yr.s Total 98 yr.s

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: 20 yr.s assault in a Detention facility, 20 yr.s PDDWD CoF, 20 yr.s PDDWDCOF.
   8 yr.s Assault in a Detention facility, 15 yr.s PDDWDCOF
   15 yr.s PDWDCF

6. (a) What was your plea? (Check one)
   (1)  Not guilty ☑            (3)  Nolo contendere (no contest) ☐
   (2)  Guilty ☐               (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?_____



FILED
SEP - 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑        Judge only ☐

7.  Did you testify at a pretrial hearing. trial. or a post-trial hearing?

Yes ☐    No ☑

8.  Did you appeal from the judgment of conviction?

Yes ☑    No ☐

9.  If you did appeal, answer the following:

(a) Name of court: _Delaware Supreme Court Dover DE_

(b) Docket or case number (if you know): _NO. 13, 1995, NO. 183, 2006_

(c) Result: _Reversed inpart_

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _The Trial court should have merged (vacated) the_ _Assault first and Second. 125 years is Excessive (8th amend.)_ _The Trial court should have merged the weapons to_ _reduce the number to two count. Competency for Resentence._ _Defendant was Improperly Sentenced on the weapons count_ _Since the substantive felony counts on they were base was Merged._

(g) Did you seek further review by a higher state court?    Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: _United States District Court of Delaware_

(2) Docket or case number (if you know): _Civ. No. 03-487-SLR_

(3) Result: _Denied_

(4) Date of result (if you know): _June 9, 2004_

(5) Citation to the case (if you know): _____

(6) Grounds raised: _The Sentencing court committed legal error in_ _ruling competency Did not apply to resentencing. Trial Judge_ _exhibited a closed mind or rule on impermissible factors. Def,_ _was improperly sentence on weapons since Related felony was merged. Tolling_

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): _No. 02-9265_

Page 4

(2) Result: Denied _____

_____

(3) Date of result (if you know): April 28, 2003 _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court Sentence Reduction/modification

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): August 12, 2003 _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?       Yes ☐ No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

    (1) First petition:      Yes ❑    No ❑

    (2) Second petition:    Yes ❑    No ❑

    (3) Third petition:     Yes ❑    No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Did not understand the Nature of the Proceedings

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Two weapons offense sentence should be vacated._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Two weapons offense sentences should be vacated on which he was found not guilty (on appeal) of related underlying indictment counts of assault first and assault second degree. Base on new decision by Delaware Supreme Court re constructing statute. priest v. state, 879 A.2d 575_

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _post - Conviction Motion_

Name and location of the court where the motion or petition was filed: _Superior Court 500 N. King Street_

Docket or case number (if you know): Case 1.D.# 93005924DI

Date of the court's decision: March 29, 2006

Result (attach a copy of the court's opinion or order, if available): Denied (A-2)

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Supreme Court of Delaware P.O. Box 476 Dover, DE. 19903

Docket or case number (if you know): Case No. 183, 2006

Date of the court's decision: 9th day of November, 2006

Result (attach a copy of the court's opinion or order, if available): ~~Proxa~~ The appeal is moot based upon Appellant's representation in supplemental briefing inpart (counsel) (A-1)(Exh. 8)(Exh.9)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus. administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

GROUND TWO: Denied 14th Due process right, was not Indicted/Charged with PDWDCF for either of the assault in a Detention facility charges.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The impact the Indictment have on the Claims presented. There is no underlying offense to support any of the weapon sentences.*Denied right to prepare my defense as to a specific Indicted Charge because I was not Charged with PDWDCF for either of the assault in a Detention facility charges.

(A74, A75, A76) (A-13, A-14; A-15, A-16)

(b) If you did not exhaust your state remedies on Ground Two. explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction. did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: plaintiff is unSkilled ~~Twittel~~ in the law and was represented by counsel. Appointment of Counsel would serve the best interests of justice in this case.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐  Trial, Sentence and Direct appeal and post-Conviction

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Appointment of counsel would serve the best interest of Justice in this case. (d) post-Conviction.

Name and location of the court where the motion or petition was filed: Superior Court 500 N. King Street, wilm. belaware.

Docket or case number (if you know): I. D. No. 9300592401

Date of the court's decision: March 29, 2006

Result (attach a copy of the court's opinion or order, if available): Denied (Appendix A-2)

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes." state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order. if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus. administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

GROUND THREE: Denied 6th amendment right to effective
assistant of Counsel (A74, A75, A76) Exhibit - 8

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel was ineffective. Counsel did not read Sentence
Exhibit and Submit to the Court. Counsel did not
inform plaintiff of the matters argued at the oral
arguement. Counsel did not tell plaintiff any thing
about the Courts letter/question asking what impact
the Indictment have on the Claims presented. Counsel did not
Submit to the Court Plaintiff Submissions.
(b) If you did not exhaust your state remedies on Ground Three, explain why: plaintiff
requested a rehearing to the Supreme Court of Delaware
and Claim Counsel errors at this Stage of the proceedings
(Exhibit 5, 6, 7)

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal. explain why: See (b)

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ❑    No ❑   *See (b)*

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Post - Conviction Motion proceedings*

Name and location of the court where the motion or petition was filed: *the Supreme Court of Delaware, Dover, Delaware*

Docket or case number (if you know): *NO. 183, 2006*

Date of the court's decision: *March 29, 2006*

Result (attach a copy of the court's opinion or order, if available): *dismissed as moot. (Appendix A-1)*

(3) Did you receive a hearing on your motion or petition?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑    No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑   No ❑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?        Yes ❑ No ❑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition?

       Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion or petition?

       Yes ❑   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest

state court having jurisdiction?        Yes ☑ No ❑

If your answer is "No," state which grounds have not been so presented and give your

reason(s) for not presenting them: plaintiff is unskilled in the law and

was represented by public Defender. Appointment of counsel

would serve the best interests of justice in this

case.

(b) Is there any ground in this petition that has not been presented in some state or federal

court? If so, which ground or grounds have not been presented, and state your reasons for

not presenting them: _____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding

the conviction that you challenge in this petition?        Yes ☑ No ❑

If "Yes," state the name and location of the court. the docket or case number. the type of proceeding, the issues raised. the date of the court's decision. and the result for each petition. application. or motion filed. Attach a copy of any court opinion or order. if available. _United States District Court, 844 N. King Street, Lockbox 18 Wilmington, Delaware 19801 - 3570. Civil Action No. 03 -487 - SLR (No. 03 -487), Issues raised: The 1996 re - sentencing erred in Denying continuance to obtain a psychiatric evaluation . The sentence was excessive and Judge imposed sentence a closed mind and relied on impermissible fact. Two weapons should be vacated (no underlying felony)_

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❑   No ❑ *N/A*

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _My Counsel file a post Conviction base on priest V. State two weapons should be vacated The Supreme Court asked what impact the Indictment have on the Claims presented. Court Denied. plaintiff file a Motion to proceed pro se_

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _Raymond M. Radulski_

    (b) At arraignment and plea: _Raymond M. Radulski_

    (c) At trial: _Raymond M. Radulski_

    (d) At sentencing: _Raymond M. Radulski_

    (e) On appeal: _Raymond M. Radulski_

    (f) In any post-conviction proceeding: _Bernard J. O'Donnell_

    (g) On appeal from any ruling against you in a post-conviction proceeding: _____
    _Bernard J. O'Donnell_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ❑  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _Based on new decision by Delaware Supreme Court reconstruing statute. Priest v. State, 879 A.2d 575. and or Retroactively applicable_

_Newly recognized right under rule 6(i)(1) and the fundamental fairness exception contained in rule 61 (i)(5) right that results in a miscarriage of justice and rule 61(i)(4) interest of justice_

_plaintiff Due process 14th amendment right was deprived because There is no underlying offense to the weapon Sentences because the related felonies was vacted._

_plaintiff Due process 14th amendment right was deprived because plaintiff was not Indicted for a felony with a related underlying weapon (PDWDCF) plaintiff was Denied the opertunity (right) to prepare his Defense as to a specific PDWDCF Charge. plaintiff was not Indicted/Charge with a weapon for either of the assault in a detention facility Counts._

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Vacate 4 of plaintiff PDWDCF Sentences because plaintiff was not Charged with PDWDCF for either of the Assault in Detention facility.

or any other relief to which petitioner may be entitled.

*Harry Samuel, pro se*

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _9 - 3 - 2007_ (month, date, year).

Executed (signed) on _9 - 3 - 2007_ (date).

*Harry L. Samuel, pro se*

Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Harry Samuel,
       Petitioner,

v.

State of Delaware
       Respondents.

§
§
§
§
§
§
§
§
§

Civil Action No.

Supreme Court of Delaware No. 183, 2006

## NOTICE OF APPEAL

Notice is hereby given that Harry Samuel,
Petitioner in the above-entitled matter, does appeal to the United
States Court of Appeals for the Third Circuit from the Supreme Court
of Delaware of Judge Steele, Chief Justice entered in this
Action on 9th of November, 2006.

Respectfully yours,

Harry Samuel pro se

DATED: 9-3-2007

Delaware Correctional Center
Smyrna, DE  19977

IN THE SUPREME COURT OF THE STATE OF DELAWARE



RECEIVED
NOV 1 3 2006
BY:

| | |
|---|---|
| HARRY L. SAMUEL, | § |
| | § |
| Defendant Below, | § |
| Appellant, | § |
| | § |
| v. | § |
| | § |
| STATE OF DELAWARE, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

No. 183, 2006

Court Below: Superior Court
of the State of Delaware
in and for New Castle County
Cr. I.D. No. 93005924DI

Submitted: November 8, 2006
Decided: November 9, 2006

Before **STEELE**, Chief Justice, **HOLLAND**, **BERGER**, **JACOBS** and **RIDGELY**, Justices, constituting the Court *en banc*.

### O R D E R

This 9th day of November, 2006, upon consideration of the briefs and arguments of the parties, and based upon Appellant's representation in supplemental briefing that this appeal is moot,

IT IS HEREBY ORDERED that the above-captioned appeal is dismissed as moot.

BY THE COURT:

_Carolyn Berger_
Justice

A - 1

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

March 29, 2006

Mr. Harry L. Samuel
SBI# 201360
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:    State v. Harry L. Samuel
       I.D. No. 93005924DI

Dear Mr. Samuel:

The Court is in receipt of your Motion for Postconviction Relief, filed
pursuant to Superior Court Criminal Rule 61. Having reviewed your Motion
and the record of your case, it plainly appears that your motion must be
**DENIED**.

You argue that your convictions for Possession of a Deadly Weapon
During the Commission of a Felony ("PDWDCF") should be vacated because
you claim the Supreme Court of Delaware found you not guilty of the
underlying offenses of Assault in a Detention Facility and Assault Second
Degree. You argue that the decision in *Priest v. State*, 879 A.2d 575, 583
(Del. 2005), requires those convictions to be vacated because the Supreme
Court in *Priest* held that a defendant must be convicted of a felony in order
to be convicted of a PDWDCF crime.

Rule 61(i)(1) allows a motion for postconviction relief to be filed within
one year after a newly discovered retroactively applicable right is recognized
by the U.S. Supreme Court or the Delaware Supreme Court.    Delaware
courts will apply the constitutional standards applicable at the time of the
original proceeding, unless the new rule falls within one of two exceptions:
(1) if the rule places certain individual conduct under the protection of the
U.S. Constitution, or (2) if the rule "requires the observance of those
procedures that...are implicit under concepts of ordered liberty." *Flamer v.
State*, 585 A.2d 736, 749 (Del. 1990).

*A - 2*

Mr. Harry L. Samuel
March 29, 2006
Page 2

Although the Delaware Supreme Court expressly overruled prior case law inconsistent with *Priest's* holding, the Court did not even address the issue of retroactivity. *See Priest*, 879 A.2d at 584. Additionally, the Court expressly suggested how to frame jury instructions for *future* cases involving PDWDCF cases. *Id.* at 589. Thus, *Priest's* holding will not apply retroactively unless it meets one of the two exceptions.

*Priest* does not meet the first exception because the Supreme Court merely reinterpreted a statute without addressing any type of conduct. Moreover, the new rule does not meet the second exception because the Court did not require the observance of any new procedures implicit in the concept of ordered liberty. Thus, you have no claim under *Priest* because you were found guilty and sentenced before *Priest* was decided. Accordingly, your motion is time-barred under Rule 61(i)(1), which provides that a motion for postconviction relief must be filed within one year after a judgment of conviction is final.

Furthermore, your motion is barred under Rule 61(i)(4) as formerly adjudicated. On appeal, the Supreme Court did not overturn your convictions for the lesser-included offenses of assault, as you claim. Rather, the Supreme Court only concluded that the two separate charges of Assault Second Degree and Assault in a Detention Facility should be merged. *Samuel v. State*, Del. Supr., No. 13, 1995, Berger, J. (Apr. 10, 1996). The Supreme Court reiterated this point in its opinion affirming your sentence when it explicitly stated that it would uphold the jury's factual determination that you committed the first and second degree assaults. *Samuel v. State*, Del. Supr., No. 252, 1995, Veasey, C.J. (Apr. 16, 1997) at 4. The Supreme Court has already ruled that you were properly convicted of PDWDCF and your claim is accordingly barred.

Mr. Harry L. Samuel
March 29, 2006
Page 3


For all the foregoing reasons, your Motion for Postconviction Relief is hereby **DENIED**.

**IT IS SO ORDERED**.

Yours very truly,

*Peggy L. Ableman*

Peggy L. Ableman


PLA:jmd
cc:    Prothonotary

RECEIVED APR 1 0 2006

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

THE STATE OF DELAWARE                    :
                                         :
                v.                       :   INDICTMENT BY THE GRAND JURY
                                         :
HARRY SAMUEL   *93005924*                :

The Grand Jury charges HARRY SAMUEL with the following
offenses:

### COUNT I.  A FELONY

I#N93- *07-0482*

ATTEMPTED MURDER FIRST DEGREE in violation of Title 11,
Section 531 of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the
County of New Castle, State of Delaware, did intentionally
attempt to cause the death of Alfred B. Cipolla by cutting him
with a knife which under the circumstances as he believed them to
be was a substantial step in a course of conduct planned to
culminate in the commission of Murder in the First Degree in
violation of Title 11, Section 636 of the Delaware Code.

### COUNT II.  A FELONY

I#N93- *07-0938*

ASSAULT IN A DETENTION FACILITY in violation of Title 11,
Section 1254(b) of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the
County of New Castle, State of Delaware, did being a person
confined in the Delaware Correctional Center, intentionally cause
serious physical injury to Alfred B. Cipolla by cutting him with
a knife.

A-13

## COUNT III.   A FELONY

I#N93- *07. 0484*

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a knife, a deadly weapon, during the commission of a Attempted Murder First as set forth in Count I of this Indictment which is herein incorporated by reference.

## COUNT IV.   A FELONY

I#N93-*07-0939*

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a knife, a deadly weapon, during the commission of a Attempted Murder First as set forth in Count I of this Indictment which is herein incorporated by reference.

## COUNT V.   A FELONY

F#N93-*07.0483*

ASSAULT SECOND DEGREE in violation of Title 11, Section 612 of the Delaware Code of 1974, as amended.

A-14

HARRY SAMUEL, on or about the 16th day of June, 1993, in the County of New Castle, State of Delaware, did intentionally cause physical injury to Jessie Waller by means of a deadly weapon or a dangerous instrument, to wit:  did cut Jessie Waller with a knife.

### COUNT VI.  A FELONY

I#N93- *07- 0940*

ASSAULT IN A DETENTION FACILITY in violation of Title 11, Section 1254(a) of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the County of New Castle, State of Delaware, did being a person confined in the Delaware Correctional Center, cause physical injury to Jessie Waller by cutting him with a knife.

### COUNT VII.  A FELONY

I#N93-*07- 0941*

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a knife, a deadly weapon, during the commission of Assault Second as set forth in Count III of this Indictment which is herein incorporated by reference.

### COUNT VIII.  A FELONY

I#N93- *07- 0942*

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A

*A-15*

FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

HARRY SAMUEL, on or about the 15th day of June, 1993, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon during the commission of a felony by possessing a knife, a deadly weapon, during the commission of Assault Second as set forth in Count III of this Indictment which is herein incorporated by reference.

A TRUE BILL

_____
(FOREMAN)

*Charles M. Oberly, III*
_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL

A-16

IN THE SUPREME COURT OF THE STATE OF DELAWARE

183 , 2006

B. J. O'DONNELL

HARRY L. SAMUEL,
Defendant Below,
Appellant,

v.

L. C. MEYERS

STATE OF DELAWARE,
Plaintiff Below,
Appellee.

DF $ 00.00

2006

| | | | |
|---|---|---|---|
| 1 | Apr | 10 | Notice of appeal from the Order dated 03/29/06 in the Superior Court in and for New Castle County, by Judge Ableman, in ID No. 93005924DI, with no further designation of transcript. (served by hand 04/10/06) (mjd) |
| 2 | Apr | 12 | Brief schedule issued (opening brief due 5/25/06)(afb). |
| 3 | Apr | 12 | Letter dated 4/12/06 from Assistant Clerk to Prothonotary, record is due to be filed by 5/5/06 (afb) |
| 4 | May | 10 | Record as ordered. (eas) |
| 5 | May | 25 | Appellant's opening brief and appendix. (served by hand 05/25/06) (mjd) |
| 6 | Jun | 26 | Motion under Rule 15(b) by appellee. (served by hand 06/26/06) (mjd) |
| 7 | Jun | 27 | Order dated 6/26/06 by Jacobs, J., appellee's answering brief is due 06/27/06. (filed 06/26/06) (mjd) |
| 8 | Jun | 27 | Appellee's answering brief. (served by hand 06/27/06) (mjd) |
| 9 | Jul | 13 | Out of time request for extension of time. (served by hand 07/13/06) (mjd) |
| 10 | Jul | 13 | Order dated 7/13/06 by Ridgely, J., appellant's reply brief is due 7/14/06. (eas) |
| 11 | Jul | 13 | Appellant's reply brief. (served by hand 7/13/06) (mjd) |
| 12 | Jul | 26 | Notice of oral argument dated 7-26-06 from Clerk to counsel on 9-6-06. (clh) |
| 13 | Jul | 31 | Appellant's acknowledgment of oral argument on 09/06/06 at 10:00 a.m. (service shown) (mjd) |
| 14 | Aug | 01 | Appellee's acknowledgment of oral argument on 9/6/06 at 10:00 a.m. in Dover (srvice shown) (afb). |

$A - 3$

| 15 | Sep | 06 | Argument held.  Before Chief Justice Steele, Justice Holland, Justice Berger, Justice Jacobs and Justice Ridgely.  Argued by: B.O'Donnell-L.Meyers. (eas) |
|----|-----|----|----|
| 16 | Sep | 21 | Letter dated 9-21-06 from Clerk to counsel, the Court requests simultaneous opening memos, not to exceed 10 pages, by 10-6-06 and simultaneous answerng memos, not to exceed 10 pages, by 10-16-06. (clh) |
| 17 | Oct | 06 | States supplemental memorandum. (served by hand 10/06/06) (mjd) |
| 18 | Oct | 06 | Appellant's supplemental memorandum. (served by hand 10/06/06) (mjd) |
| 19 | Oct | 11 | Notice dated 10-11-06 from Clerk to counsel, the case will be submitted for decision on briefs as of 11-8-06. (clh) (MTS RJH CB JBJ HDR) |
| 21 | Oct | 16 | States reply supplemental memorandum. (served by hand 10/16/06) (mjd) |
| 22 | Nov | 09 | Order dated 11/09/06 by Berger, J., DISMISSED. (MTS, RJH, CB, JBJ, HDR) (mjd) |
| 23 | Nov | 20 | Document entitled "Motion for a Rehearing" dated 11/9/06 from appellant to clerk. (served by mail on 11/16/06) (kms) |
| 24 | Nov | 20 | Letter dated 11/20/06 from Senior Court Clerk to Bernard O'Donnell, Esq., forwarding Mr. Samuel's letter for appropriate disposition. (copies sent) (docket sheet sent) (kms) |
| 25 | Nov | 30 | Record and certified copy of Order dated 11/9/06 to clerk of court below. Case closed. (afb) |
| 26 | Dec | 11 | Prothonotary's receipt of record and certified copy on 12/5/06. (kms) |
| 27 | Dec | 14 | Affidavit Requesting to Proceed Pro Se Pursuant to Rule 26 (d) (iii) by appellant. (served by mail 12/12/06) (docket sheet sent) (kms) |

SUPERIOR COURT CRIMINAL DOCKET                Page      1
( as of   02/27/2006 )

State of Delaware v.   HARRY L SAMUEL                              DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.          AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.           HARRY SAMUEL

Assigned Judge: TOLIVER CHARLES H. IV

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 93005924DI | IN93070482R1 | ASSAULT 1ST | TGLI | 10/26/1994 |
| 002 | 93005924DI | IN93070483R1 | ASSAULT, 2ND | TG | 10/26/1994 |
| 003 | 93005924DI | IN93070484R1 | PDWDCF | TG | 10/26/1994 |
| 004 | 93005924DI | IN93070938R1 | ASSLT DET FACIL | TG | 10/26/1994 |
| 005 | 93005924DI | IN93070939R1 | PDWDCF | TG | 10/26/1994 |
| 006 | 93005924DI | IN93070940R1 | ASSLT DET FACIL | TG | 10/26/1994 |
| 007 | 93005924DI | IN93070941R1 | PDWDCF | TG | 10/26/1994 |
| 008 | 93005924DI | IN93070942R1 | PDWDCF | TG | 10/26/1994 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|

      06/15/1993
      WARRANT AND COMMITMENT
      18 01100000 100
      06/15/1993
      07/07/1993
      PRELIMINARY HEARING HELD
      COURT OF COMMON PLEAS
      07/08/1993
      CASE FILED

                                        DJ

1     07/19/1993
      TRUE BILL
      07/21/1993
      RULE 9 SUMMONS ISSUED, RETURNABLE ON
      07/23/1993
      NOTICE SERVICE/ACKNOW.RECEIPT-DISCOVERY
      08/12/1993
      CASE REVIEW CALENDAR RESCHEDULED
      TO 082593
      08/19/1993
      RULE 9 SUMMONS ISSUED, RETURNABLE ON
2     08/20/1993
      MOTION FOR REDUCTION OF BAIL
      RAYMOND M. RADULSKI, ESQ.      KLT
      08/25/1993
      ARRAIGNED, WAIVED READING, ENT PLEA N GLTY

A - 4

```
                  SUPERIOR COURT CRIMINAL DOCKET                    Page    2
                       ( as of  02/27/2006 )
```

State of Delaware v.  HARRY L SAMUEL                                DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.          AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.           HARRY SAMUEL

```
        Event
No.   Date          Event                              Judge
---------------------------------------------------------------------------------
      08/25/1993
        CASE REVIEW CALENDAR RESCHEDULED
      08/31/1993                                     COOCH RICHARD R.
        MOTION FOR REDUCTION OF BAIL
        (#002) DENIED                  KLT
3     09/07/1993
        CONTINUANCE REQUEST
                                       DCB
      09/09/1993
        CONTINUANCE REQUEST
4     10/04/1993
        MOTION FOR PSYCHO/PSYCHIA EXAMINATION
        RAYMOND M. RADULSKI, ESQ.      KLT
5     10/07/1993                                     ALFORD HAILE L.
        HEARING
        MOTION TO BE TRANSFERRED TO DSH
        DENIED. DR.MECHANIC OF DSH, TO
        EVALUATE THE DEFT.AT THE MAXIMUM
        SECURITY FACILITY AT THE PRISON
        (JUDGE HAS FILE AND MOTION)    DCB
6     10/07/1993                                     ALFORD HAILE L.
        ORDER FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM
        (AMENDED) THAT THE DE.STATE HOSP.
        CONDUCT A PSYCHIATRIC EVALUATION
        OF THE DEFT., AT THE DE.CORR.
        CENTER'S MAXIMUM SECURITY UNIT
        WHERE DEFT.IS BEING CURRENTLY
        HELD, FOR THE PURPOSE OF DETERMIN
        ING COMPETENCY AND TREATMENT
        NEEDS, IF ANY.                 DCB
      11/03/1993
        CASE REVIEW CALENDAR RESCHEDULED
        120193
7     12/14/1993
        MOTION FOR PSYCHO/PSYCHIA EXAMINATION
        RAYMOND M. RADULSKI, ESQ.
        REFERRED TO J.BARRON.          KLT
8     12/16/1993                                     ALFORD HAILE L.
        ORDER FOR PSYCHOLOGICAL/PSYCHIATRIC EXAM
        THAT THE DEFT.BE TRANSFERRED FROM
        THE DE.CORR.CENTER MAX.SECURITY
        UNIT UNDER WHATEVER SECURITY
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of  02/27/2006 )

State of Delaware v.  HARRY L SAMUEL                          DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.        AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.         HARRY SAMUEL

```
        Event
No.     Date          Event                                Judge
----------------------------------------------------------------------------
        MEASURES THE DEPT.OF CORR.FEELS
        APPROPRIATE, TO THE DE.STATE
        HOSPITAL FOR PSY.ASSESSMENT AND
        TREATMENT INCLUDING PSY.TESTING
        FOR THE PURPOSE OF DETERMINING
        COMPETENCY, AND TO OBTAIN TREAT-
        MENT FOR HIS OWN WELL-BEING AS
        NECESSARY. AS SOON AS DE.STATE
        HOSPT.NOTIFIES THE DE.CORR.CENT.
        MAX.SECURITY UNIT OF AN AVAILABLE
        OPENING, DEFT.IS TO BE TRANS-
        PORTED AND HELD AT DE.STATE HOSP.
        UNTIL PSY.ASSESSMENT AND PSY.TES-
        TING CAN BE PERFORMED.        DCB
9       02/04/1994                                RIDGELY HENRY DUPONT
        MEMORANDUM
        TO J.BARRON, FROM J.RIDGELY,
        SPECIALLY ASSIGNING TO HIM , THE
        ABOVE CRIMINAL CASE FOR ALL PUR-
        POSES UNTIL FINAL DISPOSITION.DCB
10      02/23/1994                                ALFORD HAILE L.
        PSYCHOLIGICAL/PSYCHIATRIC REPORT
        SEALED BY ORDER OF THE COURT. DCB
11      02/23/1994                                ALFORD HAILE L.
        PSYCHOLIGICAL/PSYCHIATRIC REPORT
        SEALED BY ORDER OF THE COURT. DCB
12      02/25/1994                                BARRON NORMAN A.
        OFFICE CONFERENCE
        (STATUS) RESCHEDULED UNTIL
        COMPLETION OF PSYCH.TO DETERMINE
        COMPETENCY ISSUE.             DCB
13      04/22/1994                                BARRON NORMAN A.
        OFFICE CONFERENCE
        (STATUS) COMPETENCY HEARING TO BE
        SCHEDULED FOR 071894          CM
14      05/03/1994                                BARRON NORMAN A.
        LETTER
        TO CASE SCHEDULING - INFORMING OF
        COMPETENCY HEARING BEING PLACED
        ON TRIAL CALENDAR FOR 7-18-94. DC
        07/06/1994
        STATE'S WITNESS SUBPOENA ISSUED
```

```
                      SUPERIOR COURT CRIMINAL DOCKET                    Page    4
                          ( as of  02/27/2006 )


State of Delaware v.  HARRY L SAMUEL                             DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.        AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.         HARRY SAMUEL


      Event
No.   Date          Event                              Judge
----------------------------------------------------------------------------
      07/11/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      07/12/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      07/13/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
15    07/21/1994
        STATE'S LETTER
        TO RAYMOND M. RADULSKI,ESQ.,PD'S
        OFFICE,ATTACHING COPIES OF DR.
        SACRE'S AND DR. IGBAL'S REPORTS
        CONCERNING COMPETENCY OF DEFT. CM
16    08/15/1994
        HEARING
        (COMPETENCY)DEFENSE W/DREW ASSER-
        TION TO DECLARE DEFT. INCOMPE-
        TENT, ATT.TO GO TO CSO TO PICK
        C/R DATES.                    CM
      09/20/1994                                   COOCH RICHARD R.
        CASE REVIEW CALENDAR RESCHEDULED
18    09/20/1994
        NOTICE OF SERVICE - DISCOVERY REQUEST
                              CM
17    09/22/1994                                   BARRON NORMAN A.
        OFFICE CONFERENCE
        (STATUS) TRIAL DATE 102494; 3 TO
        4 DAYS MANDATORY TRIAL WITH
        JUDGE BARRON (#1 PRIORITY)    DCB
19    10/04/1994                                   BARRON NORMAN A.
        LETTER
        INFORMING COUNSEL SAMUELS WILL
        RECEIVE PRIORITY NO.1 FOR TRIAL
        ON OCT. 24, 1994 AND THE COURT
        WILL PRESIDE AT SAID TRIAL.   DSC
      10/05/1994
        STATE'S WITNESS SUBPOENA ISSUED
      10/21/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      10/24/1994                                   TOLIVER CHARLES H. IV
        CRIMINAL TRIAL CALENDAR - TRIAL
20    10/24/1994                                   BARRON NORMAN A.
        JURY TRIAL
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    5
( as of  02/27/2006 )

State of Delaware v.  HARRY L SAMUEL                           DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.        AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.         HARRY SAMUEL

```
      Event
No.   Date          Event                                Judge
--------------------------------------------------------------------------
      10/24 THRU 10/26/94- DEFENDANT'S
      MOTION FOR JUDGEMENT OF ACQUITTAL
      AS TO CT. 1-DENIED, DEFENDANT'S
      MOTION TO MERGE CTS 3 & 4-DENIED,
      DEFT'S MOTION FOR JUDGEMENT OF
      ACQUITTAL AS TO 2 COUNTS OF
      ASSAULT-DENIED.  JURY FOUND THE
      DEFENDANT GLTY OF LIO ASSAULT
      IN A DETENTION FACILTY(0938,0940)
      4 CTS OF PDWDCF (0484,0939,0941,
      0942) AND 1 CT OF ASSAULT 2ND
      (0483). BAIL IS REVOKED. PSI
      ORDERED. SENT DATE TO BE DETERM.
      S/LETANG, D/RADULSKI, CR/PRESTON,
      CC/BOYD,VANNICOLA,FRABIZZI.   DRF
      10/24/1994
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      10/26/1994                                 BARRON NORMAN A.
      PRESENTENCE INVESTIGATION ORDERED
24    01/06/1995                                 BARRON NORMAN A.
      SENTENCE
      AS TO IN93070938, TIS, THE DEFT.
      IS ADJUDGED GUILTY OF THE OFFENSE
      CHARGED.
      THE DEFENDANT IS TO PAY COSTS OF
      PROSECUTION. COSTS ARE HEREBY
      SUSPENDED.
      EFFECTIVE JUNE 15, 1993 THE
      DEFENDANT IS PLACED IN THE
      CUSTODY OF THE DEPARTMENT OF
      CORRECTION AT SUPERVISION LEVEL 5
      FOR A PERIOD OF 20 YEARS .
      IF THE DEFENDANT IS PRESENTLY
      SERVING ANOTHER SENTENCE, THAT
      SENTENCE SHALL BE SUSPENDED UNTIL
      COMPLETION OF THIS SENTENCE.
      THE FIRST 3 YEARS OF THIS
      SENTENCE IS A MANDATORY TERM OF
      INCARCERATION PURSUANT TO STATUTE
      11DEL.C.4254B.
      THE REMAINING 17 YRS OF THIS
      SENTENCE IS A MANADATORY TERM OF
```

SUPERIOR COURT CRIMINAL DOCKET                    Page    6
( as of  02/27/2006 )

State of Delaware v.  HARRY L SAMUEL                              DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.          AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.            HARRY SAMUEL

```
        Event
No.   Date           Event                                    Judge
-----------------------------------------------------------------------------
        INCARCERATION PURSUANT TO STATUTE
        11 DEL.C. 4204(K).
        AS TO  P93070482, TIS, THE DEFT.
        IS ADJUDGED GUILTY OF THE OFFENSE
        CHARGED. THE DEFENDANT IS TO PAY
        COSTS OF PROSECUTION. COSTS ARE
        HEREBY SUSPENDED.
        THE DEFENDANT IS PLACED IN THE
        CUSTODY OF THE DEPARTMENT OF
        CORRECTION AT SUPERVISION LEVEL 5
        FOR A PERIOD OF 10 YEARS.
        IF THE DEFENDANT IS PRESENTLY
        SERVING ANOTHER SENTENCE, THAT
        SENTENCE SHALL BE SUSPENDED UNTIL
        THE COMPLETION OF THIS SENTENCE.
        THE FIRST 10 YEARS OF THIS
        SENTENCE IS A MANDATORY TERM OF
        INCARCERATION PURSUANT TO STATUTE
        11 DEL.C. 4204K .
        AS TO IN93070484, TIS, THE DEFT.
        IS ADJUDGED GUILTY OF THE OFFENSE
        CHARGED. THE DEFENDANT IS TO PAY
        COSTS OF PROSECUTION. COSTS ARE
        HEREBY SUSPENDED.
        THE DEFENDANT IS PLACED IN THE
        CUSTODY OF THE DEPARTMENT OF
        CORRECTION AT SUPERVISION LEVEL 5
        FOR A PERIOD OF 20 YEARS.
        IF THE DEFENDANT IS PRESENTLY
        SERVING ANOTHER SENTENCE, THAT
        SENTENCE SHALL BE SUSPENDED UNTIL
        THE COMPLETION OF THIS SENTENCE.
        THE FIRST 20 YEARS OF THIS
        SENTENCE IS A MANDATORY TERM OF
        INCARCERATION PURSUANT TO STATUTE
        11 DEL.C. 1447 .
        AS TO IN93070939, TIS, THE DEFT.
        IS ADJUDGED GUILTY OF THE OFFENSE
        CHARGED. THE DEFENDANT IS TO PAY
        COSTS OF PROSECUTION. COSTS ARE
        HEREBY SUSPENDED.
        THE DEFENDANT IS PLACED IN THE
```

State of Delaware v.  HARRY L SAMUEL                              DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.         AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.          HARRY SAMUEL

```
     Event
No.  Date       Event                                    Judge
-------------------------------------------------------------------------------
             CUSTODY OF THE DEPARTMENT OF
             CORRECTION AT SUPERVISION LEVEL 5
             FOR A PERIOD OF 20 YEARS.
             IF THE DEFENDANT IS PRESENTLY
             SERVING ANOTHER SENTENCE, THAT
             SENTENCE SHALL BE SUSPENDED UNTIL
             THE COMPLETION OF THIS SENTENCE.
             THE FIRST 20 YEARS OF THIS
             SENTENCE IS A MANDATORY TERM OF
             INCARCERATION PURSUANT TO STATUTE
             11 DEL.C. 1447 .
             AS TO IN93070941, TIS, THE DEFT.
             IS ADJUDGED GUILTY OF THE OFFENSE
             CHARGED. THE DEFENDANT IS TO PAY
             COSTS OF PROSECUTION. COSTS ARE
             HEREBY SUSPENDED.
             THE DEFENDANT IS PLACED IN THE
             CUSTODY OF THE DEPARTMENT OF
             CORRECTION AT SUPERVISION LEVEL 5
             FOR A PERIOD OF 20 YEARS.
             IF THE DEFENDANT IS PRESENTLY
             SERVING ANOTHER SENTENCE, THAT
             SENTENCE SHALL BE SUSPENDED UNTIL
             THE COMPLETION OF THIS SENTENCE.
             THE FIRST 20 YEARS OF THIS
             SENTENCE IS A MANDATORY TERM OF
             INCARCERATION PURSUANT TO STATUTE
             11 DEL.C. 1447 .
             AS TO IN93070942, TIS, THE DEFT.
             IS ADJUDGED GUILTY OF THE OFFENSE
             CHARGED. THE DEFENDANT IS TO PAY
             COSTS OF PROSECUTION. COSTS ARE
             HEREBY SUSPENDED.
             THE DEFENDANT IS PLACED IN THE
             CUSTODY OF THE DEPARTMENT OF
25   01/06/1995                                   BARRON NORMAN A.
             ORDER OF JUDGMENT
21   01/20/1995
             NOTICE OF APPEAL
             #13, 1995                    DF
22   01/20/1995
             DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    8
                         ( as of  02/27/2006 )
```

State of Delaware v.   HARRY L SAMUEL                                DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.          AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.           HARRY SAMUEL

```
       Event
No.    Date            Event                              Judge
-----------------------------------------------------------------------------
       #13, 1995                         DF
23     01/20/1995
       LETTER
       (SUPREME COURT) TO COURT REPORTER
       PURSUANT TO SUPREME COURT RULE 9
       (E)(IV), THE TRANSCRIPT MUST BE
       FILED WITH THE PROTHONOTARY NO
       LATER THAN 022195               DF
26     01/20/1995                                    BARRON NORMAN A.
       REFERRAL MEMO
       RAY RADULSKI,ESQ.               DCB
27     02/23/1995                                    BARRON NORMAN A.
       TRANSCRIPT OF SENTENCING
       JANUARY 6, 1995                DF
28     02/23/1995
       LETTER
       (SUPREME COURT) TO COURT REPORTER
       THE COURT IS IN RECEIPT OF YOUR
       LETTER, REQUESTING AN EXTION OF
       TIME TO FILE THE TRANSCRIPT. THE
       COURT HAS DIRECTED ME TO ADVISE
       YOU THAT YOUR REQUEST IS GRANTED
       THE TRANSCRIPT IS DUE TO BE FILED
       NO LATER THAN 032395           DF
29     03/27/1995                                    BARRON NORMAN A.
       TRANSCRIPT
       PROCEEDING, TESTIMONY, OPENINGS,
       CLOSINGS AND CHARGE. OCTOBER 24
       AND 25,1994                    DF
30     03/30/1995
       LETTER
       (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9
       (B)(I), THE RECORD W/TRANSCRIPT
       MUST BE FILED WITH THIS OFFICE NO
       LATER THAN 040695              DF
39     04/04/1995
       RECORDS SENT TO SUPREME COURT
                                      DF
40     04/07/1995
       RECEIPT RECORDS ACKNOWLEDGED BY
       SUPREME COURT                  DF
```

```
State of Delaware v.  HARRY L SAMUEL                          DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.        AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.         HARRY SAMUEL
```

```
       Event
No.   Date          Event                                    Judge
--------------------------------------------------------------------------------
41    05/13/1996
          MANDATE FILED FROM SUPREME COURT.
          ORDER: NOW, THEREFORE, IT IS
          ORDERED THAT THE JUDGMENT OF THE
          SUPERIOR COURT IS REVERSED IN PART
          AND THIS MATTER IS REMANDED TO THE
          SUPERIOR COURT FOR RESENTENCING IN
          ACCORDANCE WITH THIS DECISION.
42    05/31/1996                                   BARRON NORMAN A.
          MEMORANDUM FILED FROM J.BARRON TO J.BIFFERATO REQUESTIN HE REASSIGN
          THIS CASE TO ANOTHER JUDGE FOR RESENTENCING.
          J.BIFFERATI REASSIGNED THE CASE TO J.TOLIVER
50    05/31/1996                                   TOLIVER CHARLES H. IV
          RE-SENTENCING: ORDER SIGNED. FILED 8/6/1996.
43    06/12/1996
          NOTICE OF APPEAL #252, 1996
44    06/12/1996
          DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
          #252, 1996
45    06/12/1996
          LETTER FROM (SUPREME COURT) TO
          COURT REPORTER: PURSUANT TO SUPREME COURT
          RULE 9(3)(IV), THE TRANSCRIPT MUST BE FILED
          W/PROTHONOTARY NO LATER THEN 072496.
47    06/14/1996
          DEFENDANT'S LETTER FILED.
46    06/18/1996
          LETTER FROM (SUPREME COURT) TO
          MR. RADULSKI: BY COPY OF THIS LETTER,
          MR.MEDDINGS IS INFORMED THAT THE JULY 24
          DEADLINE FOR THR FILING OF THE TRANSCRIPT
          IS WITHDRAWN. THE COURT DIRECTS YOU TO TAKE
          IMMEDIATE STEPS TO SERVE THE COURT REPORTER'S
          OFFICE WITH A COPY OF THE DIRECTIONS TO COURT
          REPORTER ON OR BEFORE 062196 AND FILE PROOF
          OF SERVICE WITH THIS OFFICE INDICATING THAT
          YOU HAVE DONE SO ON OR BEFORE 062196
48    06/28/1996
          LETTER FROM (SUPREME COURT) TO
          COURT REPORTER: THE TRANSCRIPT MUST BE
          FILED WITH THE PROTHONOTARY NO LATER
          THAN 080196.
```

```
                       SUPERIOR COURT CRIMINAL DOCKET                    Page    10
                          ( as of   02/27/2006 )

       State of Delaware v.  HARRY L SAMUEL                          DOB: 08/17/1962
       State's Atty: PETER N LETANG , Esq.          AKA: HARRY SAMUEL
       Defense Atty: RAYMOND M RADULSKI , Esq.            HARRY SAMUEL

          Event
     No.  Date           Event                                  Judge
     -------------------------------------------------------------------------------
     49   08/01/1996                                      TOLIVER CHARLES H. IV
              TRANSCRIPT OF SENTENCING PROCEEDINGS
              MAY 31, 1996
     51   08/08/1996
              LETTER FROM (SUPREME COURT)  TO
              PROTHONOTARY: PURSUANT TO SUPREME COURT
              RULE 9(B)(I), THE TRANSCRIPT MUST BE FILED
              WITH THIS OFFICE NO LATER THAN 081296
     52   08/08/1996
              RECORDS SENT TO SUPREME COURT.
     53   08/13/1996
              RECEIPT OF RECORDS ACKNOWLEDGED BY
              SUPREME COURT
     54   09/17/1996
              MEMORANDUM FILED. TO J. BIFFERATO REQUESTING THAT THIS CASE BE
              REASSIGN TO ANOTHER JUDGE FOR RESENTENCING PURPOSES.
     55   05/06/1997
              MANDATE FILED FROM SUPREME COURT - AFFIRMED.
              #252,1996
     56   04/17/1998                                       GOLDSTEIN CARL
              LETTER/ORDER SENT BY JUDGE: YOUR MOTION FOR TRANSCRIPT
              OF RECORD IS DENIED. IT IS SO ORDERED.
     61   03/04/1999
              DEFENDANT'S LETTER FILED.
     57   03/09/1999
              DEFENDANT'S REQUEST FILED.
              REQUEST FOR PERMISSION TO OBTAIN TRIAL TRANSCRIPTS FOR FREE
     59   03/11/1999
              DEFENDANT'S LETTER FILED.
     60   03/11/1999
              DEFENDANT'S LETTER FILED.
     58   03/12/1999                                      BARRON NORMAN A.
              LETTER/ORDER ISSUED BY JUDGE BARRON
              RE: DEFENDANT'S PRO SE REQUEST FOR TRANSCRIPTS FILED W/PROTHONOTARY
              FOR REASONS STATED HEREINAFTER, THE MOTION IS DENIED
              IT IS SO ORDERED
              SEE DOCUMENT
     62   04/17/2001
              DEFENDANT'S LETTER FILED.
     63   04/26/2001
              DEFENDANT'S LETTER FILED._ COMPLAINING ABOUT GUARDS AT DCC
     64   09/25/2001
```

SUPERIOR COURT CRIMINAL DOCKET                Page    11
( as of  02/27/2006 )

State of Delaware v.  HARRY L SAMUEL                    DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.        AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.         HARRY SAMUEL

        Event
No.   Date        Event                              Judge
---------------------------------------------------------------------------
        MOTION FOR TRANSCRIPTS (PRO SE)  FILED.
        REFERRED TO JUDGE ABLEMAN.
65    10/16/2001                              ABLEMAN PEGGY L.
        LETTER/ORDER ISSUED BY JUDGE:  I HAVE YOUR MOTION FOR TRANSCRIPTS,
        WHICH WAS FILED ON SEPTEMBER 25, 2001 IN THE ABOVE CAPTIONED CASE.
        FOR THE SAME REASONS THAT WERE SET FORTH IN THE LETTER DECISION OF
        JUDGE BARRON, DATED MARCH 10, 199, A COPY OF WHICH IS ATTACHED, YOUR
        MOTION IS HEREBY DENIED.  NOTHING PRESENTED IN THIS LATEST MOTION
        LEADS ME TO ALTER THAT DECISION.
        IT IS SO ORDERED.
66    11/09/2001                              ABLEMAN PEGGY L.
        DEFENDANT'S LETTER FILED.  REQUEST FOR TRANSCRIPTS
        DENIED JUDGE ABLEMAN
67    11/28/2001
        APPEAL FILED IN SUPREME COURT. (COPY)
68    01/02/2002
        MANDATE FILED FROM SUPREME COURT:  APPEAL DISMISSED.
        SUPREME COURT CASE NO: 577, 2001
        THIS COURT DOES NOT HAVE JURISDICTION TO REVIEW THE SUPERIOR COURT
        INTERLOCUTORY RULING.
        SUBMITTED: DECEMBER 6, 2001
        DECIDED: DECEMBER 10, 2001
        BEFORE HOLLAND, BERGER AND STEELE, JUSTICE.
69    01/02/2002
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
70    02/19/2003
        NOTICE OF APPEAL FILED IN SUPREME COURT. (COPY).
71    03/12/2003
        DOCUMENT(S) FILED REGARDING SUPREME COURT APPEAL.
        PETITION FOR A WRIT OF CERTIORARI WAS FILED IN SUPREME COURT.
72    08/12/2003                              TOLIVER CHARLES H. IV
        MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
        REFERRED TO PRESENTENCE 8/21/03 FOR JUDGE TOLIVER.
73    09/11/2003                              TOLIVER CHARLES H. IV
        ORDER: MOTION FOR MODIFICATION OF SENTENCE DENIED.
        9/10/03- THE MOTION WAS FILED MORE THAN 90 DAYS AFTER IMPOSITION OF
        THE SENTENCE AND IS, THEREFORE, TIME-BARRED. THE COURT DOES NOT FIND
        THE EXISTENCE OF ANY EXTRAORDINARY CIRCUMSTANCES.
        THE SENTENCE IS APPROPRIATE FOR ALL THE REASONS STATED AT THE TIME OF
        SENTENCING. NO ADDITIONAL INFORMATION HAS BEEN PROVDIED TO THE COURT
        WHICH WOULD WARRANT A REDUCTION OR MODIFICATION OF THIS SENTENCE.
74    02/24/2006

SUPERIOR COURT CRIMINAL DOCKET                     Page     12
( as of  02/27/2006 )

State of Delaware v.  HARRY L SAMUEL                          DOB: 08/17/1962
State's Atty: PETER N LETANG , Esq.          AKA: HARRY SAMUEL
Defense Atty: RAYMOND M RADULSKI , Esq.            HARRY SAMUEL

```
      Event
No.   Date         Event                                   Judge
-------------------------------------------------------------------------------
      MOTION FOR POSTCONVICTION RELIEF FILED.
      FILED BY BERNARD J. O'DONNELL, ESQ
      REFERRED TO JUDGE ABLEMAN-JUDGE BARRON TRIAL JUDGE
75    02/27/2006
      LETTER FROM ANGELA HAIRSTON, PROTH. OFFICE  TO PETER LETANG, ESQ
      RE: NOTICE OF FILING POF MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED: COPY OF MOTION
```

             *** END OF DOCKET LISTING AS OF  02/27/2006 ***
                 PRINTED BY: CSCAHAI

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    CASE NO. 93005924DI
         V.                          CR.A. NO. IN93070938
HARRY L SAMUEL

                                     CHARGE: ASSLT DET FACIL

DOB: 08/17/62
SBI: 00201360                        CHARGE DISP: TRIAL - GUILTY

RESENTENCE
―――――――――

NOW, THIS 31TH DAY OF MAY, 1996, IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

EFFECTIVE MAY 31,1996, THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5   FOR A PERIOD OF 20 YEARS.

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THAT SENTENCE SHALL BE SUSPENDED UNTIL COMPLETION OF THIS SENTENCE.

THE FIRST 20 YEARS OF THIS SENTENCE IS A MANDATORY TERM OF INCARCERATION PURSUANT TO 11 DEL.C ~4204(K).

A-17                    PAGE 001 OF 7

STATE OF DELAWARE V. HARRY L SAMUEL
93005924DI

AS TO THE CHARGE OF IN93070939, PDWDCF,
IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 20 YEARS.

THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN93-07-0938.

STATE OF DELAWARE V. HARRY L SAMUEL
93005924DI

AS TO THE CHARGE OF IN93070942, PDWDCF,
IT IS THE ORDER OF THE COURT THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

    THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 15 YEARS.

    THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN93-07-0940.

STATE OF DELAWARE V. HARRY L SAMUEL
93005924DI

AS TO THE CHARGE OF IN93070484, PDWDCF,
IT IS THE ORDER OF THE COURT THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

    THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 15 YEARS.

    THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN93-07-0942.

STATE OF DELAWARE V. HARRY L SAMUEL, 93005924DI

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

BE EVALUATED FOR EMOTIONAL AND/OR PSYCHOLOGICAL PROBLEMS AND
FOLLOW ANY DIRECTIONS FOR RECOMMENDED TREATMENT OR COUNSELING MADE
BY THE PROBATION OFFICER.

_____
JUDGE CHARLES H. TOLIVER IV

**Amended HPS-43 (January 2005)**                    **February 4, 2005**
                                                     **January 21, 2005**

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
### C.A. No. **04-4052**

HARRY L. SAMUEL

vs.

THOMAS L. CARROLL, ET AL.
(D. DEL. CIV. NO. 03-CV-00487)

Present:      SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Submitted are:

`(1)     Appellant's request for a certificate of appealability under 28
         U.S.C. § 2253(c)(1);

(2)      Appellant's memorandum of law in support thereof;

(3)      Appellant's motion for appointment of counsel; and

*(4)     **Appellant's supplement to request for certificate of
         appealability**

in the above-captioned case.

                                    Respectfully,

                                    Clerk

MMW/KCW/nf/clc

_____ORDER_____

          The foregoing request for a certificate of appealability is denied because

Samuel failed to comply with the one-year statute of limitations for filing a petition

pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). Samuel's conviction became

final on July 15, 1997, ninety days after the Delaware Supreme Court affirmed his

conviction and sentence, as he did not file a petition for a writ of certiorari in the United

1

*A - 5*

States Supreme Court during that time period. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999). The one-year limitations period, therefore, began to run on July 15, 1997, and expired one year later on July 15, 1998. Samuel did not file his § 2254 petition until May 17, 2003, almost five years too late. Although a properly filed state post-conviction relief petition will toll the AEDPA statute of limitations, see 28 U.S.C. § 2244(d)(2), Samuel did not seek state post-conviction relief until August 11, 2003. Because the statute of limitations had already expired well before that point, the petition could not possibly have tolled it. There is no basis for equitable tolling. Samuel has submitted a supplemental document in which he alleges matters pertaining to his purported innocence. That submission does not change the within order.

By the Court,

s/Weis
United States Circuit Judge

Dated: March 3, 2005
CLC\cc: Mr. Harry L. Samuel
Loren C. Meyers, Esq.

2

To. Bernard J. O'Donnell, Esquire

Hi Bernard. How- are you? This is Client
Harry Samuel. After the Supreme Court of
delaware denied my appeal that you filed on
my behalf. I, thought you were no longer
my attorney. Therefore I, filed for a rehearing
as I, talked to you about in video Court.

I, have received my copy of the Supreme Court
of delaware letter regarding contacting me about
my rehearing letter/Motion and to advise me that
all future Correspondence to the Court on my
behalf should be through you as my attorney.

I, want to file a Rehearing in the Supreme
court of delaware through you as my attorney
and raise the Claims and argument(s) I, have
in my Rehearing letter/Motion to the Supreme
court of delaware and what you, think I,
could raise with your help.

Are you still my attorney? I, Pray you, are.

Will you file a Rehearing on my behalf?
I, Pray you will.

I, await your Counsel and advice.

I, need your timely response so that
I, Can file for a Rehearing or another
appeal within the Courts time limitation(s).


I, await your response.


Thank you
Client
Harry L. Samuel

SBI # 201360
Delaware Correctional Center

In the Supreme Court of the State of Delaware

Harry Samuel, Pro se
      Defendant Below
   V.     Appellant      No. 183, 2006

State of Delaware

RE: the Supreme Court of Delaware Order Decided: November 9th, 2006.

This is Defendant/Appellant Samuel Motion for a Rehearing

The Appellant Samuel, was Double Jeopardyed twice in the Indictment. The Appellant Samuel, was indicted for 1st degree assault with a related weapon and assault in Detention facility with no related weapon as to victim Cipolla.

In the same manor for a second victim Jesse who was cut on his thumb. The Appellant Samuel, was Double Jeopardie in the Indictment. The Indictment Charged Samuel, with 2nd degree assault with a related weapon and assault in a Detention facility, with no related weapon.

This Court the Delaware Supreme Court ordered the 1st degree assault and the 2nd degree assault to be vacated or merged into the two Counts of assault in a detention and Samuel, was to be Resentenced by a different Judge.

At Samuel, Resentence Samuel, was represented by Counsel Raymond M. Radulski, Esq.. It is supported by the resentenc- ing record that Radulski claimed/argued as a result of the 1st and Second degree assaults being merged/vacated and because of the way this matter was Indicted the Superior Court lacked jurisdiction to sentence Samuel, on any of the four weapons Counts. Exhibit-A 74, A 75, A 76.

Samuel, argued because the 1st and 2nd degree assaults was merged or vacated therefore there is no underlying felony Count to Support the related Indicted weapon Count. the rule say any time there is a felony with a related weapon the felony must be Served before the related weapon.

      Exhibit - 6        1

Samuel, will not serve any time for the 1st nor the 2nd degree assault. Therefore Samuel, can not be sentence on the related weapons because there is no underlying felony to support the weapons.

Appellant Samuel, was convicted of two counts of assault in a detention. However Samuel, was not indicted for either of the assault in a Detention facility with a weapon.

In 2006, Appellant Samuel, was represented by a different counsel Bernard O'Donnell. At which time Samuel, argued Priest v. State. Samuel, argued that Samuel, convictions for possession of a deadly weapon during the commission of a felony should be vacated because Samuel claim the Supreme Court of Delaware found Samuel not guilty of the underlying offenses of 1st and 2nd degree. Samuel argue that the decision in Priest v. State requires those convictions (PDWDCF) to be vacated because the Supreme court in Priest held that a defendant must be convicted of a felony in order to be convicted of a PDWDCF crime.

Appellant Samuel now in addition to the above Priest v. State argues that his counsel Bernard O'Donnell was ineffective because counsel did not consult with Samuel about the matters that was talked about at the oral arguement. Further counsel never informed client Samuel, of the letter that the Supreme court of delaware sent to counsel asking question such as what impact the Indictment have on the claims presented. Samuel only found out about the court letter/question is after counsel sent in a response with out finding out what Samuel, wishes was. Thereafter the court sent counsel another letter stating the appeal will be under submittions as of November 8, 2006. Therefore Samuel ask counsel to send something to the court to rehiterate counsel first response and to send in to (submit) the court Samuel answer/response to the letter/question what impact the Indictment have

2

that Samuel ask Counsel as to the November 8th submittions.
Samuel Claim the 1st and 2nd degree assaults
was merge/vacate. Therefore there is no underlying
felony to Support any of the weapons counts.

Samuel also Claim and argues what impact the Indict-
ment have on the Claims Presented. Samuel argues
that Samuel, was not Indicted with a weapon for
either of the two assault in a detention facility.
Samuel, argues the Indictment was not amended
to specify as to each count of Possession of a deadly
weapon during the Commission of a felony which
assault in a detention facility it accompanied.
Common-law rule as to Permissible amendments of
an indictment coincides with Superior Court Criminal
rule Permitting information to be amended at any time
before a verdict. Superior court criminal rule 7(e), Del. C. Ann.
Both are designed to afford the accused two Protections:
1: notice of the Chages against him so that he has an
opportunity to Prepare an adequate defense and 2 Prevention
from twice being Placed in jeopardy for the same offense
Such as Samuel, was in the Indictment.

Samuel, argue Samuel, Serving weapon offense to assault
in a detention offense that Samuel was not Indicted
on Prejudiced Samuel and Prejudiced Samuel substantial
Constitutional Due Process 14th amendment rights.

Samuel Claim the Indictment did not afford Samuel notice
of an assault in a detention facility with a related
weapon, so that Samuel, Could of had an opportunity to
Prepare adequate defense. Samuel argue claim Samuel,
would have Pursued a different Strategy if Samuel,
was Indicted for assault in a detention facility with
a related weapon. A different Strategy to Prove Samuel,
actual Innocents as to the weapon Counts.

3

Conclusion

Samuel. Prayes that the Supreme court of
Delaware vacate Samuel. four weapon. counts
and remand for resentencing as to the two assault
In a detetion facility.

Samuel. is a pro se litigate Who subject his submit-
tions to less stretegic submittions than those drafted
by counsel/lawyers. please notify samuel, for any
deficiencies and if any Exhibits need to be submitted.

Respectfully Submitted

Harry L. Samuel, Pro se

SBI.#201360

Delaware Correctional Center

November 15, 2006

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Harry Samuel
Defendant Below,
Appellant,

   v.                   No. 183, 2006

State of Delaware,
Plaintiff Below,
Appellee

## AFFIDAVIT REQUESTING TO PROCEED PRO SE
## PURSUANT TO RULE 26 (d)(iii)

STATE OF DELAWARE     )
                        )   SS.
COUNTY OF New Castle  )

     Harry L. Samuel, being first duly sworn upon oath deposes and says:

     I am the appellant in the above captioned direct appeal, and I wish to discharge my attorney and represent myself in this appeal.

     I request the Supreme Court to remand my case to the Superior Court for an evidentiary hearing pursuant to Supreme Court Rule 26 (d)(iii) to determine whether my request to proceed pro se on appeal is intelligently and voluntarily based.

     I acknowledge that the Supreme Court will take no further action on my appeal pending a ruling by the Superior Court.

12 - 12 - 2006
DATE

Harry L. Samuel
NAME

Delaware Correctional Center
ADDRES

SUBSCRIBED AND SWORN to me before this 12th day of December, 2006

Timothy J. Mast
(NOTARY PUBLIC)

My commission expires June 14th 2008.

Exhibit - 7

SUPREME COURT OF DELAWARE

#24

CATHY L. HOWARD
*Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

November 20, 2006

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Bernard J. O'Donnell, Esquire
Office of the Public Defender
820 N. French Street, 3rd Floor
Wilmington, DE 19801

RE:   ***Samuel v. State***, No. 183, 2006

Dear Counselor:

Enclosed is a copy of a letter from Mr. Harry Samuel, in the above matter. The Court has directed me to provide you with a copy of Mr. Samuel's letter for appropriate disposition. Please contact Mr. Samuel about his letter and advise him that all future correspondence to the Court on his behalf should be through you as his attorney.

By copy of this letter, I am informing Loren Meyers, Esquire, of the Department of Justice, of the Court's action regarding Mr. Samuel's letter. I am providing Mr. Meyers with a copy of Mr. Samuel's letter for informational purposes only. The Court will take no further action regarding Mr. Samuel's letter.

Very truly yours,

*Karen Staley*

Enclosure

cc:   Mr. Harry Samuel
         (with copy of docket sheet)
      Loren Meyers, Esquire
         (with copy of Mr. Samuel's letter)

## Certificate of Service

I, _Harry Samuel_, hereby certify that I have served a true and correct cop(ies) of the attached: _Affidavit requesting to proceed pro Se, Supreme court letter Nov. 20, 06_ upon the following parties/person (s): Counsel
_opposing counsel_

TO: _Bernard J. O'Donnell, Esquire_    TO: _____

_Office of the Public Defender_    _____

_820 N. French Street, 3rd Floor_    _____

_Wilmington, Delaware_    _____

_19801_    _____

    _____


TO: _Loren Meyers, Esquire_    TO: _____

_Department of Justice_    _____

_Carvel State office Building_    _____

_820 N. French Street_    _____

_Wilmington, DE. 19801_    _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _12 th_ day of _December_ , 2006

_Harry L. Samuel_
_appellant_

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HARRY SAMUEL, | ) |
| | ) |
| Defendant Below, | ) |
| Appellant, | ) |
| | ) |
| v. | ) No. 356, 2005 |
| | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff Below, | ) |
| Appellee. | ) |

## APPELLANT'S SUPPLEMENTAL MEMORANDUM

This is the Appellant's supplemental memorandum responding to the Court's questions by letter dated September 21 from the Clerk in this appeal. The questions are whether the facts outlined (by the Court in its letter) are correct, and what if any, impact the Indictment has on the claims being presented on appeal including whether the Indictment moots the appeal.

### The Facts

The facts outlined by the Court in its letter are correct with respect to the historical facts in the case with the exception that the assault in a detention facility charges were not subsequently vacated, but instead the assault convictions were merged as lesser included offenses into the assault in a detention facility offenses for which the Defendant was sentenced. This inaccuracy does not appear

$Exhibit - 8$

*Samuel v. State*, No. 356, 2005·

to be legally significant to or affect the legal issue that
the Court has raised, however.

### *Mootness*

The Defendant was indicted for two weapons
offenses – predicated on the attempted murder first degree
charge concerning Alfred Cipolla. Rather than attempted
murder, he was found guilty of the lesser included charge of
assault first. He was also indicted for Assault in a
Detention Facility against Alfred Cipolla but no weapons
offense was predicated to that offense. There was evidence
at trial that he possessed two knives during the assault.

In his original direct appeal, the Court vacated
the assault first degree conviction finding that it
essentially merged as a lesser included offense into the
assault in a detention facility offense. Regrettably,
because the predicate weapons offenses were predicated on a
lesser included felony offense for which the Defendant was
convicted of the greater offense which included all of the
elements of the lesser offense, counsel is aware of no
legally available rationale that would support vacating the
two weapons offense charges for which the Defendant was
convicted under these circumstances. If, on the other hand,
a defendant in possession of two knifes was convicted of

·Samuel v. State, No. 356, 2005·

offenses of burglary and robbery in one incident, but the

knives were only alleged to have been possessed during the

commission of either burglary or robbery and the one

predicate felony related to the weapons offenses on appeal

was vacated on appeal, the weapons convictions related to

that vacated predicate felony should also be vacated on

appeal, but those are not the facts of this case.

Likewise, the Defendant was convicted of two

weapons offenses predicated on the alleged assault second

degree on correctional officer Jessie Waller and was also

indicted for assault in a detention facility on Jessie

Waller for which no weapons offenses were predicated. In his

original direct appeal, the Court also vacated the assault

second conviction finding that it merged into the greater

offense of assault in a detention facility. Again, as with

the assault convictions concerning Alfred Cipolla and for

the same reasons, counsel is aware of no legally available

rationale that would support vacating the two weapons

offense charges for which the Defendant was convicted under

these circumstances.[1]

---

1 The Court suggests in its letter from the Clerk that the
reference in the indictment to Count III for the underlying
assault second felony appears to be typographical error without
significance. In view of this particular discrepancy in the
wording of this count of the indictment not appearing to have

Samuel v. State, No. 356, 2005

## Conclusion

Based on the historical facts highlighted by the Court

in its letter from the Clerk and well-settled legal

principles, the argument raised by the Defendant, through

undersigned counsel, in the appeal of his denial of post-

conviction relief, appears to be moot.[2]

Date: October 6, 2006

BERNARD J. O'DONNELL (#252)
Office of Public Defender
Carvel State Building
820 N. French Street
Wilmington, Delaware  19801
(302) 577-5119

been raised before in earlier proceedings, counsel cannot in good
faith argue that the typographical error was considered
prejudicial to the Defendant then or is now.
2 Undersigned counsel would not have moved for post-conviction
relief or appealed its denial, had the significance of these
historical facts been noticed beforehand. Counsel offers his
apology to the Court and to opposing counsel for what has become
this unanticipated, but unnecessary expenditure of time.

## CERTIFICATE OF SERVICE

I, Bernard J. O'Donnell, hereby certify that on Wednesday, October 6, 2006, I did cause to be served two copies of the Appellant's Supplemental Memorandum in this appeal by delivering it to the Department of Justice receptionist for:

Loren C. Meyers, Esquire
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19901     **C600**

Dated:  October 6, 2006

BERNARD J. O'DONNELL (#252)
Office of Public Defender
820 N. French Street
Wilmington, DE 19801
(302) 577-5119

IN THE SUPREME COURT OF THE STATE OF DELAWARE

**HARRY SAMUEL**,                          )
                                           )
    Defendant Below,               )
    Appellant                      )
                                           )
v.                                         )   No. 183, 2006
                                           )
**STATE OF DELAWARE**,                     )
                                           )
    Plaintiff Below,               )
    Appellee                       )

### STATE'S SUPPLEMENTAL MEMORANDUM

1. The grand jury in July 1993 indicted Harry Samuel, charging him with attempted murder (count I) (Alfred Cipolla as the victim); assault in a detention facility (count II) (Alfred Cipolla as the victim); possession of a deadly weapon during the commission of a felony, the underlying felony being attempted murder (counts III and IV); second degree assault (count V) (Jessie Waller as the victim); assault in a detention facility (count VI) (Jessie Waller as the victim); and possession of a deadly weapon during the commission of a felony, the underlying felony being second degree assault (counts VII and VIII). (A13-16). Samuel was convicted of first degree assault as a lesser included offense under count I and of all of the other charges. On direct appeal, the first and second degree assault convictions were ordered merged with the assault in a detention facility convictions, and Samuel was resentenced. (*See* Ans. Brf. at 1). Samuel eventually moved for post-conviction relief, contending that his weapons convictions were invalid under *Priest v. State*, 879 A.2d 575 (Del. 2005). Superior Court denied the motion, and this appeal ensued. After oral argument, the Court directed the parties to submit supplemental memoranda.

$Exhibit - 9$

2.    As noted in the September 21 letter from the Clerk, counts VII and VIII, when referring to the underlying felony, cite to "count III" instead of "count V." (*See* A15-16). The State notes that at no time has Samuel ever suggested that the indictment failed to give him adequate notice of the underlying felony being alleged in the weapons offenses charged in counts VII and VIII. Indeed, when Samuel was resentenced in May 1996 in accord with this Court's decision on direct appeal, defense counsel expressly noted the erroneous reference to "count III," but told the sentencing judge that "it's really Count 5." (SB3). In light of defense counsel's remark more than 10 years ago and the absence of any challenge to the indictment on that basis, the only conclusion to draw is that counts VII and VIII gave Samuel sufficient notice of the respective offenses and allegations to enable him to prepare his defense. *Malloy v. State*, 462 A.2d 1088, 1092-93 (Del. 1983).

3.    The Court's inquiry, as framed in the September 21 letter from the Clerk,[1] assumes that Samuel's convictions for assault in a detention facility (counts II and VI) were vacated when the case was returned to Superior Court following Samuel's direct appeal. The record, however, is clear that Samuel's convictions on count I (first degree assault as a lesser included offense of attempted murder) and count V (second degree assault) were vacated; his convictions on counts II and VI (assault in a detention facility) remained in place. (SB2-5, 9-11). The Court's inquiry, accordingly, rests on a misperception of the Superior Court record. It further follows that, contrary to the Court's question about possible mootness, the appeal is not moot. Instead, reversal of the Superior Court decision in this

---

[1]"It does not appear that Samuel was charged with PDWDCF for either of the assault in a detention facility charges (Counts II and VI) *that subsequently were vacated*." (Emphasis added.)

case results not in the vacation of two of Samuel's weapons

convictions (op. brf. at 11), but in the vacation of all four of those

convictions.

Loren C. Meyers
Chief of Appeals Division
Department of Justice
820 N. French St.
Wilmington, DE   19801
(302) 577-8500
Del. Bar ID 2210

October 6, 2006

1     which a jury came back, they found him guilty of

2     assault, first, lesser included offense, and assault

3     second degree, and for possession of a deadly weapon

4     during the commission of a felony charges.

5                 According to the Supreme Court's opinion

6     the assault, first and assault second merge into the

7     two assault in a detention facility charges, so it

8     would be appropriate for Your Honor I would submit to

9     sentence Mr. Samuel on the two assault in a detention

10    facility charges.

11                THE COURT:  And four weapons' charges.

12                MR. RADULSKI:  That is the second part of

13    my comment, relates to the four weapons' charges.

14                The way that Mr. Samuel was indicted in

15    this matter, he received two weapons' counts relating

16    to Count I, or he was charged with two weapons'

17    charges relating to Count I, which was the attempted

18    murder, and two weapons' counts relating to the

19    assault second, which was Count V.

20                It is erroneously referred to in the

21    indictment as Count III, but it's really Count 5.

22                Our position would be that since the Supreme

23    Court has merged the assault first and assault second

A74

1     degree offenses into the assault in a detention

2     facility charges, that there is no substantive

3     offense available to support any of the four weapons'

4     counts, and that it would be inappropriate for the

5     Court to sentence Mr. Samuel on any of the weapons

6     charges because the underlying offenses have been

7     merged into the assault in a detection facility

8     charges.

9            THE COURT:  Well, if they're merged don't

10    the weapons charges go -- survive as were committed

11    in -- to possess a deadly weapon during the

12    commission of a felony, the felony being the assault

13    in a detention facility?

14           MR. RADULSKI:  He wasn't indicted on either

15    of the -- the assault in a detention facility

16    charges, neither of them is cited as basis - or

17    excuse me, is cited as a basis to support the

18    underlying weapons' felonies.

19           We would, we would submit, as a matter of

20    law, that since he is not, he cannot be sentenced

21    according to the Supreme Court on either the assault

22    first or the assault second, that the two, that the

23    two weapons' counts relating to each of those two

1       charges are unavailable to support additional

2       sentencing for the weapons' charges.

3               Your Honor, we would like in this

4       situation, I believe there may be a Delaware case,

5       where, and I don't have the citation, it skipped my

6       mind at this stage, but a case where an individual is

7       charged with a robbery, and a possession of deadly

8       weapon during commission of a felony, and is

9       acquitted of the robbery charge as basically nothing

10      left to support the weapons' offense because one of

11      the elements of that has to be the predicate felony

12      committed that forms the basis for the weapons'

13      charge.

14              THE COURT:  Mr. Letang.

15              MR. LETANG:  Your Honor, the state's

16      position is that the merger of the charges as

17      indicated by the Supreme Court does sustain the

18      weapons' charges.

19              This is not a situation where he was

20      acquitted on an underlying robbery charge carrying a

21      felony charge.

22              Secondly I'm not in a position and I don't

23      even have a file to make legal argument on this

Page 8

A 76