To: United States Court of Appeals
United States District Court

From. Inmate:
Harry Samuel, SBI #201360

07-540-

Regarding order Authorizing District Court to Consider Second or Successive Application for Relief.

Petitioner Samuel, is unskilled in the law and dose not understand if this Motion is Considered a Second or Successive application from C.A. No. 04-4052, Samuel v. Thomas Carroll (warden) et AL. (D. Del. Civ. No. 03-CV-00487) (see Appendix A-5).

Petitioner Samuel, request if Authorization Motion is not required Please disregard Authorization Motion, Authorizing District Court to Consider Second or Successive Application and allow Habeas Corpus to Proceed.

If authorization is required Please Consider enclosed Motion under 28 U.S.C. §2244 for order authorizing District Court to Consider Second or Successive Application for Relief.



FILED
SEP -7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Date 9-3-2007

Respectfully Submitted
Harry L. Samuel, Pro se
SBI #201360
Delaware Correctional Center

MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. § 2254 OR § 2255

| United States Court of Appeals for the Third Circuit |||
|---|---|---|
| Name of Movant<br>Harry L. Samuel | Prisoner Number<br>SBI. # 201360 | Case Number<br>(leave blank) |
| Place of Confinement  Delaware Correctional Center Smyrna, Delaware 19977 |||
| IN RE: Samuel v. State, MOVANT Harry L. Samuel  Supreme Court of Delaware No. 183, 2006 |||

1. Name and location of court which entered the judgment of conviction from which relief is sought: Superior Court 500 N. King Street Wilmington, Delaware

2. Parties' Names: State of Dela. vs. Harry Samuel

3. Docket Number: 93005924DI   4. Date Filed: _____   5. Date of judgment of conviction: 10-24-95   6. Length of sentence: 98 years   7. Nature of offense(s) involved (all counts): Assault in a detention facility 20 years,

20 yrs possession of a deadly weapon during the commission of a felony,
20 yrs possession of a deadly weapon during the commission of a felony,
15 yrs possession of a deadly weapon during the commission of a felony,
15 yrs possession of a deadly weapon during the commission of a felony,
Assault in a detention facility 8 years

8. What was your plea? (Check one)   ✓ Not Guilty   • Guilty   • Nolo Contendere

9. If you pleaded not guilty, what kind of trial did you have? (Check one)   ✓ Jury   • Judge only

10. Did you testify at your trial? (Check one)   • Yes   ✓ No

11. Did you appeal from the judgment of conviction? (Check one)   ✓ Yes   • No

12. If you did appeal, what was the

Name of court appealed to: Delaware Supreme Court Dover, DE.

Parties' names on appeal: Samuel vs. State of DE.

Docket number of appeal: No. 183, 2006   Date of decision: 3-29-2006

Result of appeal: dismissed as moot base on parties Brief and counsel supplemental Brief (memorandum)

2

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court?   ✓ Yes   • No

14. If you answered "yes" to question 13, answer the following questions:
    A. FIRST PETITION, APPLICATION, OR MOTION
    (1) In what court did you file the petition, application, or motion? U.S. District Court
    (2) What were the parties' names? Samuel vs. State of Delaware
    (3) What was the docket number of the case? Civ. No. 03-487-SLR
    (4) What relief did you seek? To Reduce Sentence and Vacate weapon offenses
    (5) What grounds for relief did you state in your petition, application, or motion? The sentencing court committed legal error in ruling competency did not apply to resentencing. Trial Judge exhibited a closed mind or rule on impermissible factors. Defendant was improperly sentence on weapons since Related felony was merged. Tolling. Appointment of counsel
    (6) Did the court hold an evidentiary hearing on your petition, application or motion?   • Yes   ✓ No
    (7) What was the result?   • Relief granted   • Relief denied on the merits
                                • Relief denied for failure to exhaust   ✓ Relief denied for procedural default
    (8) Date of court's decision: 6-9-2004

    B. SECOND PETITION, APPLICATION, OR MOTION

    (1) In what court did you file the petition, application, or motion? Sentence Reduction also Appeal U.S. District court Decision to U.S. Court of appeals
    (2) What were the parties' names? Samuel vs. State of Delaware (Thomas Carroll D. Del. Civ. No. 03-CV-00487)
    (3) What was the docket number of the case? U.S. Court of Appeals C.A. No. 04-4052
    (4) What relief did you seek? The sentencing court committed legal error in ruling competency did not apply to resentencing. Trial Judge exhibited a closed mind or rule on impermissible factors. Defendant was improperly sentence on weapons since Related felony was merged. Tolling.

3

C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

D. PRIOR APPELLATE REVIEW(S)
Did you appeal any order regarding your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | | |
|---|---|---|---|
| First petition, application, or motion | • Yes  Appeal No. _____ | Date _____ | • No |
| Second petition, application, or motion | • Yes  Appeal No. _____ | Date _____ | • No |
| Subsequent petitions, applications or motions | • Yes  Appeal No. _____ | Date _____ | • No |
| Subsequent petitions, applications or motions | • Yes  Appeal No. _____ | Date _____ | • No |
| Subsequent petitions, applications or motions | • Yes  Appeal No. _____ | Date _____ | • No |
| Subsequent petitions, applications or motions | • Yes  Appeal No. _____ | Date _____ | • No |

If you did not appeal from the denial of relief on any of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.

did not appeal sentence Reduction because did not Know a reduction could be appealed

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)   ✓Yes   • No

16. If your answer to question 15 is "yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.

Supreme Court of Delaware No. 13, 1995 and No. 183, 2006
U.S. District Court Wilm. DE. Civ. No. 03-987-SLR
U.S. Court of appeals Phila., PA. C.A. No. 04-4052

17. If your answer to question 15 is "No," answer the following questions:

A. State the claims which you did not present in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255: _____

B. State the reasons why you did not present the above claims in any previous petition, application or motion for relief under 28 U.S.C. § 2254 or § 2255:* _____

4

*NOTE: This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

State how you meet the above requirements: Based on new decision by Delaware Supreme Court reconstruing statute, Priest v. State and or retroactively applicable. Newly recognized right under rule 61 (i)(1), 61(i)(5), 61(i)(4). 14th amendment was deprived, there is no underlying offense to support the weapon offense/count Movant was not Indicted for a weapon for any of the assault in a Detention facility.

If it has been more than one year since either (1) your conviction became final; (2) you discovered the new evidence on which you rely; or (3) the United States Supreme Court case on which you rely was decided, state why you could not file your petition earlier:

Based on new decision by Delaware Supreme Court reconstruing statute. Priest v. State. Newly recognized right under Rule 61(i)(1), 61(i)(5), 61(i)(4), deprived 14th amendment Due process and was not Indicte for a weapon for either of the Assault in a Detention facility}

Movant prays that the United States Court of Appeals for the Third Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

*Harry Samuel*
Movant's Signature

I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct.

Executed on 9-3-2007
[date]

*Harry Samuel*
Movant's Signature

5

PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on __9-3-2007__ I mailed a copy of this motion and all attachments
[date]

to __Loren C. Meyers Deputy attorney general__ at the following address:

__Department of Justice 820 N. French Street Wilm., DE. 19801__

_Harry L. Samuel_, pro se
Movant's Signature

Rev. 2/99

# Certificate of Service

I, Harry Samuel, hereby certify that I have served a true and correct cop(ies) of the attached: letter to U.S. Court of Appeals and U.S. District Court regarding authorization Motion. Authorization Motion. Motion for an Extension of time. Motion for Appointment of Counsel. Notice of Appeal. Writ of Habeas Corpus. Plaintiff Brief. Plaintiff Exhibits. Plaintiff's Appendix. Upon the following Parties/Person(s):

TO: Office of the Clerk
United States Court of Appeals
for the Third Circut
21400 United States Courthouse
Philadelphia, PA.
          19106

TO: Loren C. Meyers
Deputy Attorney General
Department of Justice
State Office Building
820 N. French Street
Wilmington, Delaware
           19801

TO: Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
          19801-3570

By Placing same in a sealed Envelope and depositing same in the United States Mail at the Delaware Correctional Center 1181 Paddock Road, Smyrna, DE. 19977

On this 3rd day of September 2007

_Harry L. Samuel_, pro se

FM: Harry Samuel
SBI# 201360    UNIT 23,B,2,U
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Legal Mail



To: Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware
      19801-3570

